## No. 660
## PENNA. RD. CO. v. FITCH CO.
Ohio Appeals, 7th Dist., Mahoning Co.
Decided March 6, 1925.

209. CARRIERS—When bill of lading has been issued, carrier is liable to consignee named in non-negotiable bill, or holder of negotiable bill of the goods therein, for damages caused by non-receipt; said holder relying upon the description.

POLLOCK, J.

The Fitch Company, engaged in the grocery business in Youngstown, ordered 600 sacks of sugar from Resch & Co., brokers in Cincinnati. One Brodberger, applied to the Pennsylvania Railroad Co. for a car in which to ship the sugar, and a bill of lading was issued consigning the sugar to the order of Brodberger at Youngstown, with directions in bill of lading to notify the Fitch Co. Resch Co. proceeded to load the car on its side track. The car was moved from this private side track into the railroad yards where it was weighed. The weigh bill showed a shortage at that time equal to about the amount claimed by the Fitch Co.

Suit was brought in the Mahoning Common Pleas by Fitch Co. against the Railroad and Brodberger, the latter was dismissed and judgment was rendered against the former in favor of the Fitch Co.

Error was prosecuted by the Railroad and it claimed that its agent had given a seal to the workmen who had loaded the car for the Resch Co. on the private side track. It was claimed that the lower court erred in not charging the jury as requested, said charge in substance being as follows: "If you find the car in question was delivered to the Fitch Co. containing the same amount of sugar that it contained when the railroad took possession of it on Resch's siding; then your verdict should

## STATE COURT OF APPEALS, Continued

be for the railroad." Employees of the Resch Co. testified that the agent did not give them a seal for the car, but that he himself sealed it. The Court of Appeals held:

1. It does not stand the Railroad Co. to now say it was not liable for the sugar loaded in the car. It permitted the car to go forward and permitted the negotiable bill of lading to come into the hands of an innocent purchaser, without notice to the purchaser of the difference in weight as stated in bill of lading and railroad weight.

2. Court was right in that it told jury that it did not matter who sealed car, as long as railroad company took charge of the car at the time they accepted it by sealing it.

3. Under 8993-22 GC. the Railroad Co. was liable to the Fitch Co. the holder of a negotiable bill of lading, for damage or non-receipt of any part of the goods by the Fitch Co. Judgment affirmed.

Attorneys—Harrington, DeFord, Huxly & Smith; McKain & Ohl, Otto Pfleger, for Company; Kennedy, Manchester, Conroy & Ford, for Fitch Co.; all of Youngstown.